# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### No. 16-4741

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JARVIS ALONZO DAVIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:15-cr-00097-FL-1)

Submitted: June 1, 2017                       Decided: June 8, 2017

Before WILKINSON, KING, and AGEE, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Alonzo Davis appeals his convictions and concurrent 168-month prison terms imposed after he pled guilty, pursuant to a plea agreement, to distribution of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding there are no meritorious issues for appeal, but asserting that the district court improperly based the length of Davis' sentence on his need for treatment. Davis has filed a pro se supplemental brief also challenging the reasonableness of his sentence. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Davis' plea agreement. We dismiss the appeal in part, vacate in part, and remand.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Davis*, 689 F.3d 349, 354 (4th Cir. 2012) (*citing United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo "and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Id.* at 354-55 (*citing United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005)). Our independent review of the record supports the conclusion that Davis knowingly and voluntarily waived his right to appeal his convictions and any sentence imposed within the statutory maximum and that the issues he seeks to raise on appeal fall within the scope of the waiver. Thus, we conclude that the waiver is valid and enforceable as to those issues.

2

A valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground, inter alia, that it exceeds the statutory maximum. *United States v. General*, 278 F.3d 389, 399 n.4 (4th Cir. 2002); *Marin*, 961 F.2d at 496. The 168-month sentence imposed on Davis' § 922(g) conviction exceeds the 120-month statutory maximum, *see* 18 U.S.C. § 924(a)(2), and therefore is not within the scope of the appeal waiver. Accordingly, we deny the Government's motion to dismiss as to this issue, vacate Davis' sentence on the firearm charge and remand to the district court for entry of an amended judgment to reflect a sentence of 120-months on the § 922(g) conviction.

In accordance with *Anders*, we have reviewed the record for any other potentially meritorious, unwaived issues, and we have found none. We therefore vacate Davis' sentence on the § 922(g) conviction and remand to the district court with instructions to enter a sentence of 120 months on this count. The sentence on the drug distribution conviction is undisturbed by this decision. In all other respects, we grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel inform Davis, in writing, of his right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*